■ In the Matter of the Claim of SEBASTIAN D'AGATI, Respondent, against PEERLESS IMPORTERS, INC., et al., Appellants and FIDELITY & CASUALTY COMPANY OF NEW YORK, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. The sole question raised on appeal is whether the board erred in finding a continuing disability after May

2, 1956 and charging 50% of an award therefor to the appellant Royal Indemnity Company. Claimant sustained four accidental injuries to his back prior to May 6, 1955 for which he received compensation, and except for the first claim this was paid by the respondent Fidelity & Casualty Company of New York. Claimant alleged another accidental injury to his back occurred on May 6, 1955 when he was attempting to place a case of liquor on a hand truck. At that time the appellant Royal Indemnity Company covered the employer. The board found claimant sustained a total disability from May 7, 1955 to May 2, 1956, and thereafter a partial disability until November 9, 1956; one half the partial disability subsequent to May 2, 1956 was due to an accident of October 22, 1953 and the other half to the accident of May 6, 1955. The board also charged Royal Indemnity Company with 75% of the disability between May 6, 1955 and May 2, 1956, the Fidelity & Casualty Company being responsible for the other 25%; and that subsequent to May 2, 1956, both companies were equally responsible for the partial disability that continued. Appellant's appeal from the last-mentioned part of the award is based upon the contention that there is no substantial evidence to sustain a finding that the partial disability after May 2, 1956 was related to the accident of May, 1955. Appellants assert that the medical proof is all to the effect that claimant's symptoms relating to the May, 1955 accident had all cleared up by May 2, 1956 and that if he was then suffering from any disability such disability arose from a previous accident. We do not so read the record. The physician who attended claimant for all or most of his ills said November 8, 1956 that claimant had not then returned to *status quo ante*. At most a question of fact was presented. Decision and award unanimously affirmed, with costs to the respondent carrier. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.